**BURKA BAGGING CO. v. STATE et al.**

**No. 5137.**

Court of Civil Appeals of Texas. Amarillo.

Sept. 11, 1939.

Rehearing Denied Oct. 9, 1939.

Wilson, Randal & Kilpatrick, of Lubbock, for appellant.

Gerald C. Mann, Austin and Burton S. Burks, Girand & Girand, and Vickers & Campbell, all of Lubbock, for appellees.

JACKSON, Chief Justice.

This action was instituted by appellees, the State of Texas and the Railroad Commission of Texas, against the defendants, R. E. Houston, a resident of Lubbock County, G. C. Shortes of Dawson County, the Plains Cooperative Mill, a corporation with its office and place of business in Lubbock County, and the Burka Bagging Company, a corporation with its office and place of business in Galveston County.

The appellees applied for an injunction to enjoin each of the defendants jointly and severally, their servants, agents and employees from engaging in the business of transporting commodities for hire by motor trucks over the highways of the State, from delivering commodities or receiving commodities to be so transported, and from aiding or abetting in the unlawful use of motor vehicles for transporting commodities for hire without first securing a certificate of public convenience and necessity and a permit from the Railroad Commission of the State to engage in such business.

The appellees also sought to recover about $400 in penalties.

The record shows that on April 5, 1939, the appellees applied to the 99th District Court of Lubbock County and the judge thereof in chambers issued to them a temporary restraining order as prayed for and directed the clerk to notify the defendants to appear before the court in the court house in Lubbock on May 3rd thereafter and show cause why a writ should

not be issued temporarily enjoining the defendants and each of them from violating certain provisions of what is known as the Truck Law of the State of Texas.

In response to the notices given, each of the defendants appeared on May 3rd and announced ready for trial on the question as to whether a temporary injunction should issue pending final hearing of the cause and after hearing the pleadings, evidence and argument the court granted a temporary writ enjoining the defendants from violating said provisions of the Truck Law as prayed for.

The Burka Bagging Company alone prosecuted this appeal and we will state only such parts of the pleading and testimony as are material to its contentions.

The parties agreed at the hearing that none of the defendants had a certificate of public convenience and necessity nor a permit issued to them by the Railroad Commission to operate a motor propelled vehicle to transport freight for hire over the highways of the State of Texas.

The record reveals that the appellant had an office in Galveston, kept its bagging and ties stored with the Patrick Transfer and Storage Company, its agent at Houston, and shipped goods to various towns and cities of the State, mostly by truck. Illustrative of the transactions involved, the Plains Cooperative Oil Mill of Lubbock on October 7, 1938, gave Mr. G. C. Shortes a letter addressed to the Patrick Transfer & Storage Company of Houston requesting it to deliver to bearer, who would pay therefor, certain described goods the mill had contracted to purchase from appellant. The cooperative mill also gave to Mr. Shortes this instrument:

"Exhibit S6
"The Citizens National Bank
Lubbock, Texas.   October 7, 1938.
At sight G. C. Shortes.
Pay to the order of Burka Bagging Company $710.00.
Seven hundred ten and no/100 Dollars.
To Plains Cooperative Oil Mill
Thru Citizens National Bank, Lubbock, Texas.
Stamp* Paid October 17, Citizens National Bank, Lubbock, Texas.
Customer's Draft."

Mr. Shortes proceeded to Houston, presented his letter and this instrument to appellant's agent in Houston, the Patrick Transfer & Storage Company; the merchandise was loaded on a truck, billed to him or his driver for account of Plains Cooperative Mill; he endorsed this draft, transported the goods to Lubbock, delivered them to the Cooperative Oil Mill, was paid $60 for the transportation of the goods from Houston and the draft for $710 which he endorsed, was paid to appellant.

On October 12, 1938, the appellant wrote its agent, the Patrick Transfer & Storage Company in Houston, as follows:

"We wish to thank you for your letter of October 1, regarding the request you have had from truck drivers to bill the load direct to the driver and not to show the gin or oil company's name on the bill of lading.

"We have checked into this matter and we do not see how we can advise you to bill the bagging out to the drivers unless they give you their check for the load.

"There is one other way that we can handle this matter, and that is by having the drivers present a letter from the gin or oil mill advising that they have sold the bagging and ties to Mr. ———, the driver, and in this way the bill of lading can be issued to the driver.

"We do not wish to become involved with the Railroad Commission over truck deliveries, and we also do not wish to lose any business, as we are sure that those drivers can get bills of lading any way they want them from some places. However, we can only give them a bill of lading showing their name if they purchase the bagging and ties."

The appellant on May 3rd filed its plea of privilege asserting its right to be sued in Galveston County and on the same day it filed a pleading containing a general denial, an attack on the jurisdiction of the court because the amount involved was below the jurisdiction of said court, followed by a prayer for a dissolution of the temporary restraining order.

Under the statute creating the 99th Judicial District Court in Lubbock County the court meets on the second Monday in January, the twelfth Monday after the second Monday in January, the first Monday in September, and the eighth Monday after the first Monday in September. Under these provisions the court convened this year on the third day of April and on the fourth day of September. The application for the restraining order was

filed on April 5th and the writ granted in chambers and issued by the clerk on the same day.

The appellant had until appearance day at the term of court beginning on September 4th to file its plea of privilege and appellees had until five days thereafter to file a controverting affidavit. Article 2007 R.C.S.; Thompson et al. v. Pure Oil Co. et al., Tex.Civ.App., 113 S. W.2d 662, and authorities. The temporary writ was an interlocutory order and was issued on May 3, 1938, after the April term of court convened and we apprehend the court was without authority to hear and determine the plea of privilege at the time the temporary injunction was granted. Law v. Lubbock Nat. Bank et al., Tex. Civ.App., 11 S.W.2d 244. However, if the court was authorized to rule on the plea of privilege on May 3rd the appellant under this record is not in a position to complain of the failure to rule thereon. There is no indication that the plea of privilege was called to the attention of the trial court. No controverting affidavit was filed but appellees were not required to file one until the case was before the court on its merits, which would have been at the following September term. The appellant filed a general denial and asked that the temporary restraining order be dissolved and in so doing invoked the jurisdiction of the court and, in our opinion, both the plea of privilege and the plea to the jurisdiction were waived. O'-Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791.

The appellant assails the action of the court in granting injunctive relief against it because such relief was not warranted by the law and the testimony. Section 5 of Article 911b, Vernon's Ann.Civ.St. provides that no motor carrier shall transport property for hire over the public highways of Texas by motor truck without first having obtained from the Railroad Commission of the State a certificate declaring that the public convenience and necessity require such operations and shall not engage in such business until he has applied for and received a permit from the Commission therefor. Article 1690b of the Penal Code of the State provides that: "Every officer, agent, servant or employee of any corporation and every .other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act * * *

shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than Twenty-five Dollars ($25.00), nor more than Two Hundred Dollars ($200.00), and the violations occurring on each day shall each constitute a separate offense."

Said article also provides that: "Upon the violation of any provision of this Act, * * * any District Court of any county where such violation occurs shall have the power to restrain and enjoin the person, firm or corporation so offending from further violating the provisions of this Act."

In appeals from interlocutory orders granting writs of temporary injunction, the sole question is whether the court in entering the order from which an appeal was prosecuted abused its discretion and his action will be reversed only if the record shows a clear abuse of discretion. 24 Tex.Jur. 313, para. 253.

Appellant does not claim that it was or is being injured or damaged by the granting and issuing of the temporary injunction. Its only contention is that appellees failed to show that appellant was violating any provision of the truck law or knew that any of its co-defendants were violating such law. The statute requires any party operating a truck for the transportation of freight for hire to display in the cab thereof his . authority from the Railroad Commission. It is admitted that none of the defendants had such authority. The record shows without dispute that the Truck Law was being violated. The bill of lading issued, together with the draft paid to appellant, indicate that the owner or driver of the truck was not the purchaser of the commodity transported, and appellant's agent was so advised by such instruments. Appellant's letter, while dated after the transactions here involved began, discloses that it was informed of the effort of the drivers to have a bill of lading issued without showing the real purchaser of the property; that appellant had investigated the matter and suggested how the law might be evaded.

Inasmuch as this is a temporary injunction and the courts interfere with the action of the trial court only if he has clearly abused his discretion, we do not feel warranted in setting aside his action.

The judgment is affirmed.