## HOUSTON NATURAL GAS CORPORATION v. NUECES COUNTY WATER IMPROVEMENT DIST. NO. 1.

### No. 11140.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 26, 1941.

Rehearing Denied Dec. 23, 1941.

Keys, Holt & Head, of Corpus Christi, and Sears, Blades, Moore & Kennerly and Geo. D. Neal, all of Houston, for appellant.

David M. Coover, of Corpus Christi, and Wm. H. Shireman, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order of the District Court of Nueces County, 94th Judicial District, granting a temporary injunction upon the application of appellee, Nueces County Water Improvement District Number One, restraining appellant, Houston Natural Gas Corporation, pending final hearing of the cause, from in any manner disturbing or molesting any portion of a certain 800 feet of three-inch cast iron pipe,

which is specifically described as to location in the order. The temporary injunction was issued after hearing before the court upon bill and answer, supplemented by testimony.

Nueces County Water Improvement District was created in 1929 by a Special Act of the Forty-First Legislature; House Bill No. 199, Chapter 14, Page 31, of the Local and Special Laws of the Forty-First Legislature, 2nd Called Sess. The district has in general those powers authorized and delegated to a water district established in conformity with the provisions of Chapter 2, Title 128, Vernon's Ann.Civil Stats., art. 7622 et seq., namely, to provide for the irrigation of lands and to furnish water for domestic and commercial purposes.

It seems, however, that shortly after its creation the district also undertook the distribution and delivery of natural gas to various persons residing within the boundaries of the district.

With the rapid development of the City of Corpus Christi, a number of additions or subdivisions of lands within the district and near the city were developed for residential purposes. It seems to have been the practice of the district to require owners of dwellings or apartments to lay pipe connecting with the district's gas main at their expense. Later, if the development of the particular area made it expedient, the district would purchase and take over the particular pipe line.

It appears that B. H. Livingston and Farrell Dee Smith paid for and consequently owned a line of approximately 1,350 feet of 3″ gas pipe, which had been laid in accordance with an understanding with the district similar to that above outlined. In addition Livingston owned a 190-foot line of 2″ pipe, which connected with the 1,350-foot line.

Livingston and Smith sold to appellee the 800 feet of their pipe line, which connected with the district's main. The district also purchased Smith's one-half interest in 550 remaining feet of the 3″ line. Further, the district contends that it has an enforcible claim of purchase against Livingston's interest in said 550 feet of 3″ pipe, as well as the 190-foot line of 2″ pipe. The Houston Natural Gas Corporation is claiming the Livingston interest in said lines as a purchaser from Livingston.

Upon presentation of appellee's verified petition alleging a threatened severance of the entire line of 1,540 feet of pipe from the district's main, the trial court issued a temporary restraining order forbidding appellant from disconnecting, molesting or tampering with the entire line of 3″ pipe. The temporary injunction issued after hearing, however, applied only to the 800 feet owned by the district.

By its three points appellant asserts broadly that appellee is entitled to no injunctive relief, because it has no legal right to transport and sell gas; i. e., appellee "does not come into equity with clean hands."

Appellee here makes no attempt to controvert appellant's assertion that the sale and distribution of natural gas is ultra vires the powers of the corporation, and we think this assertion may be here considered as a conceded fact. See Grand Lodge v. Curry, Tex.Civ.App., 108 S.W.2d 574, 576, writ refused; Tri-City Fresh Water Supply District No. 2 v. Mann, 135 Tex. 280, 142 S.W.2d 945.

The fact, however, that the district acquires property as a result of ultra vires operations does not render void its title to such property. Neither does use of property in an unauthorized manner by a corporation divest it of ownership thereof. Nor does the fact that a corporation is operating in an unauthorized manner, for which it may be brought to account in a proper proceeding, render its property subject to seizure, and deprive it of recourse to a court of equity for the protection of that which it owns. McFarland v. American Sugar Ref. Co., 241 U.S. 79, 36 S.Ct. 498, 60 L.Ed. 899.

There is some disagreement between the parties as to the effect or scope of the temporary injunction under attack. Appellant, by references to the petition, contends that the injunction will serve as a protection to appellee in its unauthorized distribution of natural gas; and will be so used by the district. We do not so construe the injunction. Its primary purpose is the protection of property, although an incidental effect may be a temporary continuation of ultra vires practices. However that may be, it is certain that seizure of or interference with property is neither the efficient nor the approved method of removing abuses resulting from ultra vires operations.

Further, there is a recognized distinction in principle and purpose between the temporary and the perpetual injunction. The temporary writ in this case is "merely a provisional remedy allowed by the court before the trial of the case on its merits, for the sole purpose of preserving the subject matter of the controversy as it existed at the time the suit was instituted." The issuance of such a writ is discretionary with the trial court. Midland Building & Loan Association v. Sparks Chapel Colored M. E. Church in America, Tex.Civ.App., 35 S.W.2d 774.

We cannot say that the trial court here abused the discretion vested in it by law, and for that reason are not warranted in setting aside the order appealed from. Burka Bagging Company v. State, Tex. Civ.App., 131 S.W.2d 1111; 24 Tex.Jur. 313, § 253.

Affirmed.