**BROOME v. SMITH.**

No. 12645.

Court of Civil Appeals of Texas.

Galveston.

March 11, 1954.

Grace & Palmos, and Bill Palmos, Hearne, for appellant.

J. B. Sallas, Crockett, for appellee.

GRAVES, Justice.

This appeal by Mrs. Bertha Mae Brown Broome is from an order of the District Court of Houston County, Texas, overruling her plea of privilege to be sued in her then alleged residential county of Robertson, in a suit filed against her in the District Court of Houston County by her former husband, styled Billy C. Smith v. Bertha Mae Brown Broome, No. 8115, affecting the custody of a minor child of such parties, Billy C. Smith, Jr., a small boy born to them at a former time when they were husband and wife.

The child's father, the appellee in this Court, and as the plaintiff against the appellant here, had, prior to the filing of this appellant's stated plea of privilege, secured the custody of the child and its removal to Houston County, with its custody vested in him by that court's order.

Whereupon, in protest against such order of the trial court, the appellant had opposed her stated plea of privilege to be sued therein, in her alleged residence in Robertson County.

The record herein is extensive, being filled with proceedings through suits and applications for writs of habeas corpus, etc.; but, as presented to this Court, it gets down to a straight appeal from an order of the District Court of Houston County, overruling the plea of privilege so filed by appellant therein seeking the privilege of being permitted to answer such suit in the county of her new residence, at Hearne, in Robertson County.

This Court, after considering the briefs and such oral arguments as have been made therein, is constrained to affirm the trial court's order. The trial court filed full findings of fact and conclusions of law,

which appear to this Court to have been supported by the proceedings below, and which properly conform to the law of the case as there developed.

Since the jurisdiction of this Court is final in such an appeal to it—one overruling a plea of privilege by the trial court—and since, as recited, the record reflecting fully what was done below is before it, it is deemed unnecessary to restate all the procedural matters that were had by the parties—back and forth through the two counties of Robertson and Houston—where they respectively maintained their residences.

It is deemed sufficient to add here—in controlling substance—the findings of fact and conclusions of law, upon which, as recited, the trial court based its judgment:

First, those of fact, as above recited: The parties here had for some years prior to this suit been divorced under separate decrees each had obtained, and went their several ways, until this appellee was advised that appellant was living at Hearne, in Robertson County, Texas, and had their minor child in her possession. Whereupon, the appellee procured from the District Court of Houston County, a writ of habeas corpus, requiring her to bring such child before the Houston County District Court; thereupon, that court vested its custody in its father, in such Houston County.

The child's mother, however, contested that order before the Houston County District Court, through the same attorneys who now appear for her in this Court, they having signed themselves in that proceeding, "As Amicus Curiae Only."

Such counsel for the appellant filed in the habeas corpus proceeding their stated motion in that capacity, praying that the writ of habeas corpus, through which the court had so ordered the child turned over to the appellee here, be quashed, which motion the trial court overruled.

Second, those of law, as thus stated by the trial court:

"1. That, as a matter of law, the law firm of Grace & Palmos represented the defendant, Mrs. Bertha Mae Broome, at the time of filing the Motion to Quash the Writ of Habeas Corpus, which Motion was filed on the 23rd day of April, A.D., 1953, and prior to the filing of the Plea of Privilege.

"2. That due order of pleading was not followed, and the Plea of Privilege was waived by the appearance of Mr. John R. Grace and Mr. Bill Palmos, composing the firm of Grace & Palmos, attorneys at law, Hearne, Texas, at and for the hearing on the Motion to Quash the Writ of Habeas Corpus, although the attorneys contended they appeared only as 'Amicus Curiae.'

"3. That the venue of this case is in the Third Judicial District Court of Houston County, Texas, at Crockett, Texas."

This Court finds no successful attack to have been made by the appellant on either the stated findings of fact or conclusions of law of the trial court; on the contrary, it finds that the findings of fact cover the material issues involved in full and that the court's quoted conclusions of law followed our statutes and court decisions construing them. In the first place, the appellant's "Motion to Quash" was plainly in the nature of a plea in abatement and challenged the jurisdiction of the trial court in Houston County and to avert it set up certain claimed injunctive proceedings then pending in the District Court of Robertson County, where the appellant had her residence, in opposition to it; whereupon, the District Court of Houston County ruled that the so-called appearance of "amicus curiae" was in reality an appearance by the regularly employed attorneys representing this appellant, and that she was bound by that answer, and in consequence thereof had waived her set up plea of privilege as against the suit in Houston County, because it had not been timely filed. See Rule 85, Texas Rules of Civil Procedure.

Furthermore, the appellant's Motion to Quash the Writ of Habeas Corpus, in ad-

vance of the filing of appellant's plea of privilege in Houston County, certainly invoked the jurisdiction of the District Court in Houston County, and thereby, under our holdings, constituted a waiver of such plea. See O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W. 2d 791, and authorities there cited. See also Horton v. Lone Star Gas Co., Tex. Civ.App., 19 S.W.2d 617; Vol. 43, Tex.Jur., Sec. 71, at page 791; also Burka Bagging Co. v. State, Tex.Civ.App., 131 S.W.2d 1111.

It is true appellant's brief here insists that in this proceeding below, the attorneys were not acting as her counsel, and expressly so limited their capacity, as well as the character in which they appeared, "As Amicus Curiae Only"; but the courts of Texas have held many times that the office of amicus curiae could not be subverted to aid a litigant, but is restricted to the office of helping the court only. See Olcott v. Reese, Tex.Civ.App., 291 S.W. 261; Walker County Lumber Co. v. Edmonds, Tex.Civ.App., 298 S.W. 610; Thomas v. Driver, Tex.Civ.App., 55 S.W.2d 187.

Furthermore, upon this feature, this record is entirely silent as to any application by the attorneys for the fixing of their precise status, other than as in reality being counsel for the appellant; nor does there appear any request for permission from the court to label themselves as they did, "As Amicus Curiae Only."

Finally, upon that feature, a long line of authorities has held that even a motion to quash the citation or the service constitutes a waiver of a plea of privilege. See Devereaux v. Rowe, Tex.Civ.App., 293 S. W. 207; St. Louis & San Francisco Railroad Company v. Hale, 109 Tex. 251, 206 S.W. 75; Lindley v. Merchants' & Farmers' State Bank, Tex.Civ.App., 264 S.W. 159.

Had the appellant's attorneys been granted permission to appear for her in this controversy as amicus curiae, in advance of the filing of her plea of privilege, it would have presented an entirely different question to this Court upon this appeal and the

case thereby made might have fallen within the rule announced in such cases as Chicago R. I. & P. Ry. Co. v. Anderson & Co., 105 Tex. 1, 141 S.W. 513, and a host of other authorities.

But since they did not do that, but came rather into the trial court without any order fixing their status, their client must bear the consequences.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.