**Wanda Story SRADER, Appellant,**

v.

**Jay W. STORY, Appellee.**

**No. 7838.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1967.

Rehearing Denied Oct. 24, 1967.

R. W. (Bill) Glenn, James, Ingram & Glenn, Dallas, for appellant.

Grady L. Fox, Joseph H. Pool, Amarillo, for appellee.

DAVIS, Justice.

A plea of privilege. Plaintiff-appellant, Wanda Story Srader, sued defendant-appellee, Jay W. Story, in the Juvenile Court of Dallas County, Texas, for the full care, custody and control of the two minor children, viz: Jay Guy Story, born August 12, 1959, and Ann Lynn Story, born June 17, 1961. Appellant alleged that the 47th Judicial District Court of Randall County, Texas, had awarded her a divorce and had awarded to appellant and appellee the joint custody of said minor children. She further alleged that there has been a material change in environment surrounding the minor children since the date of divorce, that she has re-married and moved to Dallas County, Texas, to escape the violent acts of the appellee with regard to herself and the minor children.

On December 14, 1966, appellee filed his plea of privilege. On December 16, 1966, the attorney for appellee filed a "Request for Investigation", which reads as follows: (Omitting caption and signature):

"REQUEST FOR INVESTIGATION

"I represent the defendant Jay W. Story, in the above entitled and numbered cause, and this controversy over the children has been going on for some time. Previous to the date of the plaintiff's and defendant's divorce from one another, on March 22, 1966, in the 47th District Court of Randall County, Texas, the children who are the subject of the controversy in the above suit, were in custody of the Amarillo-Potter County Child Welfare and were for some time during the pendency of the divorce case.

"This agency has made a very thorough investigation of both parties to this suit, in response to a request of Judge E. E. Jordan of the 47th District Court. Shortly before the granting of the divorce, the parties in this suit, plaintiff and defendant, reached an agreement between themselves wherein one of them was to have the children for one week and the other party was to have them for the following week, throughout the year. This agreement was reached in the office of the Amarillo-Potter County Child Welfare, and they are well aware of the circumstances surrounding such agreement. The Amarillo-Potter County Child Welfare has had a continuing interest in the welfare of the children since such agreement was made, and are in possession of all the facts surrounding the children which would bear upon the welfare of the two children by the granting of permanent custody and as to which parent should have the same.

"The plaintiff re-married and was actually in Dallas only a period of less than a week at the time she filed the above styled and numbered cause for permanent custody. This was undoubtdly done in an attempt to secure custody wherein the full facts would be hard, if not impossible, to be brought out.

"Because of the foregoing facts surrounding this case, I respectfully request an investigation be made and properly reported to the Court of all the circumstances surrounding the home, the parents, and the attitude of the parents toward the children, so that in the end, the Court would be in possession of all the facts and could more intelligently and fairly and with justice to the welfare of the children, base such custody decision upon the facts as they actually exist.

"In connection with the above request, if I may, I would like to suggest that a request be made to the Amarillo-Potter County Child Welfare for a report on the background of the defendant, JAY W. STORY, and any other facts which they have gathered over the several months they have actually had custody of the children, and the facts that they have gathered since the divorce case, when both parties, plaintiff and defendant, had joint custody, as to what their investiga-

tion has found in regard to the fitness of the one, as compared with the other, as applied to the question of who should have permanent custody."

Appellant filed her controverting plea to the plea of privilege on December 19, 1966, in which she excepted to the plea of privilege as being deficient as a matter of law in that it does not comply with the requirements for such pleas; that appellee had waived the plea of privilege by affirmatively invoking the jurisdiction of the Court by seeking affirmative relief, and such "Request for Investigation" was not filed subject to the plea of privilege; and, that she was entitled, as a joint legal custodian, to maintain the suit in Dallas County. She further alleged that at the time the suit was filed, she had both minor children in her possession but the appellee came to Dallas on December 17, 1966, and took the boy away with him.

The trial court sustained the plea of privilege. Appellant has perfected her appeal and brings forward two points of error.

By the two points, appellant says the trial court erred in sustaining the plea of privilege because, in suits to re-litigate the custody of minor children, venue lines in the county where the person resides who has the legal custody of the minors; and, in holding that appellee did not waive his plea of privilege by filing the Request for Investigation.

■ On the first point, Justice Norvell in Houseman v. Mahin (Tex.Sup.Ct., 1965) 390 S.W.2d 732, said:

" * * * It is well settled that the venue of a suit to modify a decree relating to the custody of children lies in the county of the residence of the legal custodian. Under the terms of the original decree, the legal custodian of the children from and after January 25, 1964 was Fay D. Houseman and her right to be sued in the county of her residence in any suit seeking a redetermination of her custo-

dial rights to her children seems clear enough. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Leonard v. Leonard, 358 S.W.2d 721 (Tex.Civ.App. 1962, no wr. hist.); Taylor v. Taylor, 348 S.W.2d 226 (Tex.Civ.App.1961, no wr. hist.); Ellington v. Floyd, 255 S.W.2d 948 (Tex.Civ.App.1953, no wr. hist.)."

■ The judgment of the District Court of Randall County does not conform to the requirements of Art. 4639, R.C.S., which provides, in part, that:

"The court shall have power, in all divorce suits, to give the custody and education of the children to *either* father or mother, * * *." (Emphasis added.)

In the divorce judgment, the District Court of Randall County made the following award as to the custody of the minor children:

"It is further ORDERED, ADJUDGED AND DECREED that Wanda Ann Story and Jay W. Story have the joint custody of their two children, Jay Guy Story and Anna Lynn Story. It is further Ordered that each of the parties hereto have reasonable visitation at all reasonable times and places when said two children may be with the other parent."

Appellant was the legal custodian of the minor children at the time the suit was filed.

■ Neither does the judgment of the District Court of Randall County conform to the decision of the Texas Courts as to divided custody. Cases cited under Note 10, Art. 4639, R.C.S.

■ A careful study has been made as to whether or not the appellee waived his plea of privilege by filing the request for investigation. This pleading was not filed subject to the plea of privilege. Through this pleading appellee sought, through his attorney, affirmative relief. He thereby submitted himself to the jurisdiction of the

court and waived the plea of privilege. 1 McDonald Texas Civil Practice, 569, Sec. 4.40(111); 3 Speers Marital Rights in Texas 241, Sec. 852; Broome v. Smith (Ct.Civ.App.1964), 265 S.W.2d 897, N.W. H.; Ware v. Texboro Cabinet Corp. (Ct. Civ.App.1961), 350 S.W.2d 47, error dism.

The points of error are sustained.

The judgment of the trial court is reversed and the cause remanded.