Gale GREENSTREET, Appellant,

v.

Merle HEISKELL and Jan Heiskell, Appellees.

No. 07–97–0024–CV.

Court of Appeals of Texas, Amarillo.

March 7, 1997.

Rehearing Overruled April 9, 1997.

Gale Greenstreet, Dalhart, pro se.

Robert L. Elliott, Dalhart, for appellees.

PER CURIAM.

Appellant Gale Greenstreet petitions this court by means of a writ of error to review an adverse summary judgment. Appellees Merle Heiskell an Jan Heiskell have filed a motion to dismiss the tardy appeal on the ground that Greenstreet's participation in the trial court defeats appellate jurisdiction to review the petition for writ of error. The motion to dismiss is granted and the petition for writ of error is dismissed.

■ The dismissal motion is premised on Rule 45 of the Texas Rules of Appellate Procedure, which specifies that "[n]o party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error." The determinative issue respecting the propriety of the writ of error proceeding is whether Greenstreet's actions in connection with the summary judgment proceedings had in the trial court constituted such participation that foreclosed writ of error review. A review of the filings leading to the final summary judgment reveals the following proceedings.

The Heiskells filed suit to have the title to their real property cleared and the purported lien on their crops lifted, alleging Greenstreet filed documents not authorized by any court or the State of Texas clouding their title.[1] Greenstreet was duly served with notice of the lawsuit, but had written across each document in handwriting, "Refuse to accept for cause without Dishonor and returned to Sender 3–6–1996."

Greenstreet then filed a document titled " 'CORRECTED' NOTICE OF NO VENUE OR JURISDICTION NOTICE OF REFUS-AL TO ACCEPT FOR CAUSE WITHOUT DISHONOR PLAINTIFF'S ORIGINAL PETITION," by which he notified the trial court that he had "by his own right and power [the right] to choose the applicable Law, within the proper territorial application [and] . . . he denies the above captioned court to assume jurisdiction, 'in Law' and in equity with the Supreme Courts Original jurisdiction." Despite its failure to meet the requirements of Texas Rule of Civil Procedure 120a, we perceive the filing as an attempted plea to the jurisdiction of the court. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex.1980).

■ However, without making the filing subject to his plea to the jurisdiction, Greenstreet filed a document titled "DEMAND FOR QUALIFICATION AS DE JURE JUDICIAL AND EXECUTIVE OFFICERS OF THE DE JURE JUDICIAL AND EXECUTIVE BRANCH OF THE GOVERNMENT OF THE TEXAS STATE OF THE UNION, PURSUANT TO THE PREAMBLE AND THE TEXAS ENABLING ACT." By this document, he demanded that each and every officer of the court "re establish his character by taking the Oath as presented by Edward Gale, Greenstreet, attached hereto, under penalty of perjury and treason, or in the alternative dismiss themselves as Foreign Alien Agents performing (sic) for a Foreign Principal," and stated that failure to comply would "constitute prima facia evidence and absolute facts that can not be disputed or denied that said Agents are Foreign Double Agents with full intent to overthrow our Constitutional Freely Associated Compact States of our Constitutional Republic and replace our De Jure 'Three Branch Government' with their One Branch Government of Executive Military Dictatorship of the communist Government of the District of Columbia and the United nations of foreign religion of Human sacrifice to the unnatural persons, 'corporate Government.' " We have determined that for purposes of these proceedings, through this pleading, Greenstreet sought affirmative relief, and

---

1. The documents purported to be issued by "Republic of Texas, Our One Supreme court, Common Law Venue; Original Jurisdiction Exclusive to the People, A Superior court Sitting with the Power of a Circuit and United States District Court, in and for Dallam county, Texas Republic, United States of America."

thereby submitted himself to the jurisdiction of the court and waived the earlier plea to the jurisdiction. *Srader v. Story*, 419 S.W.2d 870, 872 (Tex.Civ.App.—Texarkana 1967, writ dismissed). Thus, despite his later-filed counterclaim being made "by special Appearance, under stress, duress and coercion," Greenstreet made an appearance in the trial court for all purposes. Tex.R.Civ.P. 120 & 121.[2]

■ On March 29, 1996, the trial court entered its temporary order restraining Greenstreet from filing any documents of record which would cloud the Heiskells' title under the authority of "Our One Supreme Court, country of Texas Republic," or any other court not currently recognized in law or equity by the current Texas judiciary,[3] and ordering that the documents filed which constituted a cloud on the Heiskells' title be removed from the Dallam County records, and Greenstreet to post $150 for each document filed under the authority of any court not currently recognized in law or equity by the current Texas judiciary, and that might constitute a cloud upon the Heiskells' title to real or personal property. Hearing for the permanent injunction proceedings was set for April 4, 1996.

Greenstreet filed his first "Petition to Recuse and Remove Presiding Judge Ron Enns from Case No. 9074, by Affidavit." By this pleading, he acknowledged receipt of the temporary restraining order, and complained of the proceedings being conducted without his being present, thus, he alleged, among other "facts," that the trial court violated his oath of office to be bound to the Constitution and violated Greenstreet's rights under Amendment V of the 1791 Bill of Rights, that "no person shall be deprived of life, liberty or property, without due process of law." Ray

D. Anderson, Presiding Judge of the Ninth Administrative Judicial Region, assigned the Honorable H. Bryan Poff, Jr. to hear the motion to recuse. Judge Poff dismissed the motion to recuse. Greenstreet's second motion to recuse was likewise dismissed.

On April 8, 1996, the Heiskells filed their motion for summary judgment on the grounds that as a matter of law, the liens and encumbrances filed by Greenstreet clouded their title without authority of recognized law, and requested their title be cleared and a permanent injunction be ordered against Greenstreet's continued filing of unauthorized documents. On that same date, Greenstreet filed his "Notice and Entry of 'Notice' of Citizenship as a Citizen of the Republic of Texas," an affidavit "notic[ing] the court of his Republic of Texas, Citizenship Status" by attached documentation. The attached documentation provided that Greenstreet renounced any action resulting in his being considered a citizen of the United States, and that he expected "any person to treat me under the common law." Then, on July 17, 1996, he filed a declaration wherein he commanded "the above captioned court to assume jurisdiction over a Quiet Title cause of action, in relation to the special Character of party' (sic), Gale Greenstreet. . . ." We note that the "above captioned court" in that document was "Republic of Texas Our One Supreme Court Common Law Venue; Original and Exclusive Jurisdiction A Superior Court sitting with the Power of a Circuit and United States District Court in and for Dallam county, Texas Republic United States of America." We do not recognize the court under which authority Greenstreet filed his declaration, *accord, United States v. Greenstreet*, 912 F.Supp. 224, 228–29 (N.D.Tex. 1996); *Kimmell v. Burnet County Appraisal District*, 835 S.W.2d 108, 109 (Tex.App.—

---

**2.** We note that the appearance waived Greenstreet's right to file his April 1, 1996 "Notice of No Venue and/or Jurisdiction Notice of Refusal to Accept for Cause Without Dishonor Plaintiff's First Amended Petition," and we do not address its significance.

**3.** We observe that the "mythical judiciary" described as "Our One Supreme Court for the Republic of Texas" does not exist, and Greenstreet is well aware of this since he was one of the defendants in the proceedings before the

United States District Court for the Northern District of Texas, Amarillo Division, which held this to be so. *United States v. Greenstreet*, 912 F.Supp. 224, 228–29 (N.D.Tex.1996). Likewise, one of the other "courts" under whose authority Greenstreet filed several documents, "The Common Law court for the Republic of Texas," has been found to be nonexistent. *Kimmell v. Burnet County Appraisal District*, 835 S.W.2d 108, 109 (Tex.App.—Austin 1992, writ dismissed w.o.j.).

Austin 1992, writ dismissed w.o.j.), and do not consider the matter transferred from the authority of the jurisdiction of the 69th Judicial District Court of Dallam County.

On April 19, 1996, Greenstreet filed his "Request for Findings of Fact and Conclusions of Law." By this document, Greenstreet disputed the trial court's authority to enter the temporary orders, and in so doing, addressed the issues presented by the Heiskells' motion for summary judgment. We perceive this filing to be in response to the motion for summary judgment for purposes of these proceedings. *State Bar of Texas v. Heard,* 603 S.W.2d at 833.

The Heiskells sought to have Greenstreet held in contempt for violating the temporary restraining order. But, by letter from their counsel to the trial court, we have determined that upon final resolution of their motion for summary judgment, they chose not to pursue the contempt proceedings.

By its final summary judgment, the trial court ordered that Greenstreet be permanently commanded to desist and refrain from filing any documents to cloud the Heiskells' title to real or personal property by way of documents extended from any court not currently recognized in law or equity by the current Texas judiciary, that all such documents on file be removed, and that Greenstreet pay $150 for each such document filed. The issues of damages and attorney's fees were severed and set for a separate hearing, making the summary judgment final and appealable by ordinary appeal. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984).

■ It is undisputed that Greenstreet did not seek an ordinary appeal, but rather chose to appeal by writ of error. By his motion to strike the Heiskells' motion to dismiss, he states that he "never intended to file an ordinary appeal in this cause of action, and has always intended to file a Petition to Appeal by Writ of Error because of the complex subject matter issues involved in this cause of action." We note that the complexity of subject matter issues is not a requirement to be met in order to be entitled to appeal to this Court by writ of error. Tex.R.App. P. 45.

■ The Heiskells present that Greenstreet is not entitled to appeal by writ of error since he participated at trial. The extent of participation in the actual trial which disqualifies an appellant under Rule 45, from review by means of a writ of error appears to be one of degree. Writ of error review is not denied by participation limited to the mere filing of an answer, *Petroleum Casualty Co. v. Garrison,* 174 S.W.2d 74, 76 (Tex.Civ.App.—Beaumont 1943, writ ref'd n.r.e.), nor to the filing of a motion for new trial, *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941); but, review by writ of error is denied to one who participates in the actual trial that leads to a final judgment, *id.* 152 S.W.2d at 1097–98, or to one who excepts in open court to the judgment. *Byrnes v. Blair,* 183 S.W.2d 287, 288 (Tex.Civ.App.—El Paso 1944, no writ).

Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in a position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. *Thacker v. Thacker,* 496 S.W.2d 201, 204 (Tex.Civ.App.—Amarillo 1973, writ dismissed). This is true whether the matter was litigated in a jury or bench trial or in summary judgment proceedings. *Texaco v. Central Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996).

Under the undisputed factual circumstances presented, Greenstreet participated in the summary judgment proceedings by filing a response to the Heiskells' motion. Resultantly, all prerequisite participation preparatory requirements were met prior to the hearing date, and no participation was required at the hearing. *Id.* at 204–05.

We note that Greenstreet proceeded pro se at trial, as he does here. It is well settled that pro se litigants are held to the same standards as licensed attorneys and that they must comply with applicable laws and rules of procedure. *LeVada Hughes and Occupants v. Habitat Apartments,* 880 S.W.2d 5, 9 (Tex.App.—Dallas 1992, no writ); *Kimmell v. Leoffler,* 791 S.W.2d 648, 652 (Tex.App.—

San Antonio 1990, writ denied). If pro se litigants were not required to comply with the applicable procedural rules, they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

Because Greenstreet sufficiently participated, and the provisions of Rule 45 have been held to be mandatory and jurisdictional, *Leuer v. Smith,* 335 S.W.2d 775, 776 (Tex. Civ.App.—San Antonio 1960, no writ), Greenstreet is denied appellate review through means of writ of error.

The Heiskells' motion to dismiss for want of appellate jurisdiction is granted; the petition for writ of error is dismissed. This determination mandates that we deny Greenstreet's motion to strike the Heiskells' motion to dismiss, his motion to proceed in forma pauperis, and his motion to extend time to find competent counsel since we have no jurisdiction to review them.