NO. 07-00-0591-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 5, 2001



______________________________




IN RE: JOSE E. QUINTANA


_________________________________






Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

 On January 25, 2001, we denied the application of relator Jose E. Quintana for a
writ of mandamus which he sought to have issued directing the Honorable Samuel Kiser,
allegedly the Judge of the 181st District Court of Randall County, Texas (the trial court),
to hear and rule on certain motions. 

 On February 20, 2001, relator filed with the clerk of this court an untitled document
in the form of a handwritten letter, to which was attached a copy of what relator purports
to be a pleading (the pleading) "sent" on "4-21-99" in cause No. 8787-B in the trial court. 
In his letter filing, relator requests that the "Amendment" be allowed to show his entitlement
to the relief he previously sought by his Petition for Writ of Mandamus. The pleading,
however, does not bear a file mark showing that the original was filed with the clerk of the
trial court, nor does it or any other document evidence that the pleading has been
presented to respondent to be acted upon. (1) 

 Although relator does not specify in his letter that he requests us to rehear or
reconsider our prior denial of his application for writ of mandamus, we construe his
correspondence to be a motion for rehearing. Such a motion was required to be filed
within 15 days after our order denying his Petition was rendered. Tex. R. App. P. 49.1. 
Relator's motion is untimely filed. Further, no motion for extension of time to file a motion
for rehearing has been filed. See Tex. R. App. P. 49.8. 

 Texas courts do not maintain separate sets of procedural rules for litigants with
counsel and for litigants representing themselves. Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978) (Rules of Civil Procedure); Greenstreet v. Heiskell, 940
S.W.2d 831, 834-35 (Tex.App.--Amarillo 1997, no writ) (discussing pro se participation at
trial and on appeal). Litigants representing themselves must comply with the same
procedural rules as are applicable to represented parties. Mansfield State Bank, 573
S.W.2d at 184-85. 

 We do not have jurisdiction to consider relator's request that we reconsider or
rehear our prior ruling, nor his request that the pleading filed on February 20, 2001, be
allowed to amend his petition. Accordingly, relator's request that we allow amendment of
and rehear his Petition for Writ of Mandamus is dismissed for lack of jurisdiction. 


 Phil Johnson

 Justice



Do not publish.
1. Although we dismiss relator's request for amendment and rehearing of his petition,
we note in passing that the pleading which he seeks to file as an amendment to his petition
would not cure the deficiencies we noted in our prior opinion denying the application for
writ of mandamus. See Tex. R. App. P. 52.7(a). 



ike request
extending the appellate deadline was filed. Consequently, appellant had until October 31,
2007, to file a notice of appeal. He did not do so. Thereafter, we afforded him opportunity
to explain why his notice was untimely and why we had jurisdiction over the appeal. This
resulted in his response informing us that the district clerk did not notify him of the
summary judgment until December 6, 2007. Why he did not perfect his appeal within 30
days of December 6th went unexplained, however. Moreover, the allegations in his
response did not satisfy the requirements of Texas Rule of Civil Procedure 306a(4), which
rule permits the belated perfection of an appeal when neither the litigant or his counsel
garnered notice or knowledge of the final judgment. See Tex. R. Civ. P. 306a(5)
(prescribing the steps that must be satisfied to obtain the benefits of Rule 306a(4)). Given
these circumstances, we cannot but conclude that we lack jurisdiction over the appeal. 
Thus, it is dismissed. 
 
                                                                           Per Curiam