NO. 07-02-0081-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 18, 2002

_____

WARREN P. CANADY, APPELLANT

V.

GARY D. GIFFORD, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 088523-00-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Warren P. Canady, an inmate proceeding *pro se*, challenges the trial court's order dismissing as frivolous his action against appellee Gary D. Gifford, a security officer employed by the Institutional Division of the Texas Department of Criminal Justice. Appellant's brief was due to be filed by April 15, 2002. In response to Canady's letter of April 25, 2002, in which he requested that the clerk's record be forwarded to him for preparation of his appellate brief, this Court complied and forwarded the record with instructions that the

record be returned no later than June 17, 2002. After the brief was not filed nor was a motion for extension of time, by letter dated May 16, 2002, this Court notified Canady of the defect and also directed him to reasonably explain the failure to file a brief together with a showing that appellee had not been significantly injured by the delay by May 28, 2002. Canady responded by letter dated May 22, 2002, expressing his request for this Court to permit the pleadings in the clerk's record to serve in lieu of an appellate brief. The clerk's record was timely returned to the Clerk of this Court.

A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, no pet.). If a *pro se* litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. Greenstreet v. Heiskell, 940 S.W.2d 831 (Tex.App.–Amarillo 1997), *reh'g denied*, 960 S.W.2d 713 (1997). The requisites of an appellate brief are set forth in Rule 38.1(a) through (j) of the Texas Rules of Appellate Procedure. Pleadings contained in a clerk's record do not fulfill those briefing requirements. Further, Rule 38.8(a) provides that failure to file a brief in a civil proceeding is grounds for dismissal for want of prosecution.

Accordingly, we dismiss this appeal for want of prosecution and for failure to comply with an order of this Court. *See* Tex. R. App. P. 38.8(a)(1) and 42.3(a) and (c).

Don H. Reavis
Justice

Do not publish.