NO. 07-03-0087-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 14, 2003



______________________________




ELIAS A. MARTINEZ, APPELLANT



V.



FIDELIS C. ABIGIDE AND WILLIE BROOKS, APPELLEES




_________________________________



FROM THE 242nd DISTRICT COURT OF HALE COUNTY;



NO. B30451-9907; HONORABLE EDWARD SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On February 11, 2003, a copy of a Notice of Appeal from a Judgment in Cause No.
30451-9907 in the 242nd District Court of Hale County, was filed with the clerk of this court. 
The Judgment was signed on November 20, 2000, and the notice of appeal was filed with
the trial court clerk on December 1, 2000. 

 On February 19, 2003, the trial court clerk's record was filed with the clerk of this
court, who notified appellant that his brief was due March 21, 2003. Appellant responded
with a letter requesting more time, and we extended the due date for his brief to April 21,
2003.

 By letter dated July 10, 2003, appellant was advised that neither appellant's brief
nor a motion to extend time for filing the brief had been filed and that unless a response
reasonably explaining the failure to file the brief and a showing that appellee had not been
significantly injured by such failure was received by July 23, 2003, the appeal would be
subject to dismissal. Appellant filed a Request for Extension of Time on July 22, 2003
indicating that he would be unable to file the brief by July 23, 2003 and that he has been
unable to employ an attorney to represent him. Appellant's request does not adequately
respond to our July 10 letter.

 We must expect litigants who represent themselves to comply with the applicable
rules of procedure. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);
Greenstreet v. Heiskell, 940 S.W.2d 831, 834-35 (Tex.App.-Amarillo 1997, no writ). 
Appellant has been provided ample opportunity to pursue appeal of the judgment against
him. Accordingly, this appeal is dismissed for want of prosecution. Tex. R. App. P.
38.8(a)(1). Costs are taxed to appellant. Tex. R. App. P. 43.4.


 Per Curiam


 In his second and third issues, appellant contends that the State should not have
been allowed to argue that 1) "[o]n August 16, 2003, but for the law enforcement agent, a
13 year old girl would have been sexually assaulted . . . [i]t is as easy as that" and 2)
appellant "scoured the internet, entered a 13 through 17 year old chat room and met this
girl for one reason." The former was improper since "[n]othing in the record even remotely
suggests that a thirteen year old girl would have been sexually assaulted . . . had appellant
not been arrested," according to appellant. The latter was allegedly improper because it
suggested that a "'real girl'" was involved, as opposed to a male undercover police officer. 
In other words, the prosecutor misstated the facts of record. We overrule the issues.

 As to the first utterance, the statement was used by the prosecutor to end her
description of the actions undertaken by appellant in preparing to have sex with someone
appellant believed to be a 13-year-old girl. And, when seen in context, it connotes that
given the evidence of appellant's belief, intent, or goal, and conduct in pursuit of that intent,
he would have engaged in sex with a 13-year-old female had the object of his intent been
such a girl rather than an undercover officer. See Chen v. State, 42 S.W.3d 926, 930 (Tex.
Crim. App. 2001) (stating that if the officer had been a 13-year-old girl, what the defendant
intended to accomplish would have been an actual crime). So viewed, the comment can
be interpreted as a reasonable deduction from the evidence, and a proper mode of
argument. Wesbrook v. State, supra. 

 Regarding the second utterance, the context of the statement is again of import. 
Through it, the prosecutor endeavored to explain how he met and what appellant intended
to do with someone he believed to be a 13-year-old girl. Furthermore, nothing was said
by the State of the "girl" being "real" as alleged by appellant. Indeed, the record is replete
with evidence illustrating that the "girl" to which the State referred was "Carrie," the fictitious
child played by the undercover officer. Given this, the statement also can be interpreted
as a summation or characterization of the evidence actually before the factfinder, and a
proper mode of argument. 

 Accordingly, the judgments of the trial court are affirmed. 


 Brian Quinn 

 Chief Justice

Do not publish.