COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



CHARLES REYNOLDS,


 Appellant,


v.


WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
FREEMONT INVESTMENT & LOAN
SABR 2005-FR1,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


§

No. 08-07-00057-CV



Appeal from the


County Court at Law No. 2


of Dallas County, Texas


(TC#CC-06-16665-B)



O P I N I O N


 Appellant, Charles Reynolds, appeals a forcible detainer judgment issued in favor of
Appellee, Wells Fargo Bank, National Association. Because Appellant's appeal is based on issues
which are raised for the first time on appeal or are outside the scope of a forcible detainer action, we
affirm the judgment of the trial court.

BACKGROUND

 Appellant and his wife, Shirley Reynolds, entered into a promissory note and deed of trust
for the purchase of the property located at 911 Brookwood Drive in Dallas, Texas. Section 22 of
the Deed of Trust sets out various requirements for foreclosure and sale of the property in the
event of default. The section also provides:

 If the property is sold pursuant to this Section 22, Borrower or any person holding
possession of the Property through Borrower shall immediately surrender
possession of the Property to the purchaser at that sale. If possession is not
surrendered, Borrower or such person shall be a tenant at sufferance and may be
removed by writ of possession or other court proceeding.


 On September 5, 2006, the property was purchased at a foreclosure sale by Wells Fargo. 
Wells Fargo subsequently sent a notice to vacate to Appellant, demanding that he and any other
occupants vacate the property within three days. After the Reynoldses refused to leave, Wells
Fargo brought a forcible entry and detainer action in Justice of the Peace Court. Both parties
appeared at the proceeding. The Justice Court found that Reynolds had been duly served with
process and ordered that Wells Fargo recover possession of the property.

 Reynolds appealed the Justice Court decision to the County Court. At trial, Shirley
Reynolds argued that she and her husband did not receive notice of the foreclosure sale. Ms.
Reynolds further testified that she had received a letter from the mortgagee providing a payment
amount and payment date of November 1, 2006. The trial court entered judgment awarding
possession of the property to Wells Fargo, as well as attorney's fees in the amount of $1,250.

 On appeal, Appellant argues cryptically that the trial court made an "error of law"
because he did not receive proper notice and because Wells Fargo did not list the proper address
for the property. (1) Appellant asks this Court to reverse the judgment of the trial court and
contends that the award of attorney's fees to Wells Fargo was improper.

 DISCUSSION Initially, we note that pro se litigants are held to the same standards as licensed attorneys and
must comply with all applicable rules of procedure. Sweed v. City of El Paso, 195 S.W.3d 784, 786
(Tex. App.--El Paso 2006, no pet.). A pro se litigant is required to present his case properly on
appeal, just as he is required to present his case properly to the trial court. Martinez v. El Paso
County, 218 S.W.3d 841, 844 (Tex. App.--El Paso 2007, pet. struck). If this were not the rule, pro
se litigants would have an unfair advantage over those parties represented by counsel. Greenstreet
v. Heiskell, 940 S.W.2d 831, 835 (Tex. App.--Amarillo 1997, no writ). Therefore, we will not make
allowances or apply different standards because a litigant has presented his case without the advice
of counsel. Martinez, 218 S.W.3d at 844.

 In his first issue, Appellant contends that proper notice was not given. It is not clear whether
Appellant is arguing that he did not receive proper notice to vacate or proper notice of foreclosure. 
Pursuant to the Texas Rules of Appellate Procedure, in order for a party to present a complaint for
appellate review, the record must show that the complaint was made to the trial court by a timely
request, objection, or motion. Tex. R. App. P. 33.1(a)(1). If a party fails to do so, the issue is not
preserved and may not be made on appeal. Id.; see also Community Initiatives, Inc. v. Chase Bank,
N.A., 153 S.W.3d 270, 281 (Tex. App.--El Paso 2004, no pet.).

 The record contains testimony by counsel for Wells Fargo that notice to vacate was sent to
Appellant by regular and certified mail more than three days prior to the filing of the forcible
detainer action. (2) The record also contains a copy of the notice letter. Appellant did not indicate in
any way that the notice to vacate was improper, nor did he object to the admission of a copy of the
notice letter. Because there is no evidence in the record that any issues were raised concerning the
notice to vacate, this issue was not preserved and may not be addressed on appeal. Tex. R. App. P.
33.1.

 To the extent that Appellant is arguing that notice of foreclosure was not proper, the issue
is beyond the scope of the proceedings below. The only issue in a forcible detainer action is the right
to actual possession. Tex. R. Civ. P. 746. The merits of title are not to be adjudicated. Id. In order
to prevail, a "plaintiff must present sufficient evidence of ownership to demonstrate a superior right
to immediate possession." Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557 (Tex. App.--San Antonio 2001, pet. dism'd w.o.j.). "Where title to the property is directly involved in the suit,
the justice and county courts lack jurisdiction." Fandey v. Lee, 880 S.W.2d 164, 169 (Tex. App.--El
Paso 1994, writ denied). "[I]f the question of title is so intertwined with the issue of possession, then
possession may not be adjudicated without first determining title." Dormady, 61 S.W.3d at 557. 
A forcible detainer action is not exclusive, but cumulative, of any other remedy a party may have in
the courts of this state, and a displaced party may bring a separate suit in the district court to
determine the question of title. Villalon v. Bank One, 176 S.W.3d 66,70 (Tex. App.--Houston [1st
Dist.] 2004, pet. denied); Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.--Dallas 2001, no pet.).

 At trial, Shirley Reynolds argued that the Reynoldses were not properly notified of
foreclosure, that she and Appellant had been provided with a new payment date, and that they had
sent payment. Appellant did not offer any other evidence. Wells Fargo established that it is the
owner of the property by virtue of a deed from the substitute trustee following the foreclosure sale,
that a landlord-tenant relationship was created between it and Appellant by virtue of the deed of
trust, and that Appellant was a tenant at sufferance. Accordingly, the trial court could determine the
issue of immediate possession, and the court properly refused to consider any evidence concerning
the notice of foreclosure. See Dormady, 61 S.W.3d at 558 (alleged lack of foreclosure notice and
opportunity to cure did not defeat jurisdiction of county court to determine immediate possession);
see also Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936) (claim attacking the validity
of a sale made under a deed of trust is not permitted in a forcible detainer proceeding); Villalon, 176
S.W.3d at 70 (determination of a claim for wrongful foreclosure may be brought in district court and
is independent of county court's determination in a forcible detainer proceeding). We overrule Issue
One.

 In his second issue, Appellant argues that Wells Fargo failed to list the correct street address
for the property. There is no evidence in the record that this issue was ever raised in the trial court. 
 Accordingly, this issue was not preserved and may not be considered on appeal. Tex. R. App. P.
33.1. We overrule Issue Two.

CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


January 10, 2008


Before Chew, C.J., McClure, and Carr, JJ.

1. Appellant appears pro se in this appeal.
2. The Texas Property Code provides that a tenant at will or by sufferance is entitled to three days' written notice
to vacate before the filing of a forcible detainer suit. Tex. Prop. Code Ann. § 24.005(b). Notice may be given by
regular, registered, or certified mail. Id. § 24.005(f).