Jackson O. GOSS and Susan Goss, Appellants

v.

Bobby D. ASSOCIATES, an Ohio General Partnership, Appellee

Johnny Green, Appellant

v.

Bobby D. Associates, an Ohio General Partnership, Appellee

Edward N. Walsh and Laura S. Walsh, Appellants

v.

Bobby D. Associates, an Ohio General Partnership, Appellee

Daniel D. Hammond, Jr., and Lisa Hammond, Appellants

v.

Bobby D. Associates, an Ohio General Partnership, Appellee

No. 12–02–00020–CV to 12–02–00023–CV.

Court of Appeals of Texas, Tyler.

Aug. 26, 2002.

Rehearing Overruled Sept. 18, 2002.

---

Richard L. Ray, Canton, for appellants.

Crystal L. Landes, McCue & Lee, Addison, Gregory P. Supan, Dallas, for appellee.

Panel consisted of GOHMERT, Jr., C.J., WORTHEN, J., and GRIFFITH, J.

Appellants Jackson O. Goss and Susan Goss, Johnny Green, Edward N. Walsh and Laura Walsh, and Daniel D. Hammond and Lisa Hammond, in four separate appeals, complain of the trial court's grant of summary judgment in favor of Appellee Bobby D. Associates, an Ohio general partnership ("BDA"). We affirm. Because the outcome of these cases depends on our determination of common issues, we consider Appellants' issues together and deliver one opinion.

## BACKGROUND

By four separate contracts entitled "Contract for Deed," Jackson O. Goss and Susan Goss, Johnny Green, Edward N. Walsh and Laura Walsh, and Daniel D. Hammond and Lisa Hammond (collectively "Appellants") agreed to purchase certain commercial real estate lots (the "lots") from Wild Willie II Corporation ("Wild Willie"). Under the terms of the contracts, Appellants agreed to pay the purchase price and accrued interest in monthly installments and Wild Willie agreed to convey the lots to the respective purchasers when the purchase price was paid in full. After Appellants executed the subject contracts, Wild Willie conveyed the lots to The Cadle Company, who in turn conveyed the lots to BDA. Appellants ceased making payments to BDA and went into default under the terms of their respective contracts. In order to enforce the contracts, BDA sued Appellants in four separate lawsuits, alleging breach of con-

tract.[1] Appellants, acting pro se, filed answers to BDA's allegations. BDA filed a motion for summary judgment in each case, arguing that it was entitled to judgment as a matter of law on its breach of contract claim. Appellants filed identical written responses to the motions. The trial court granted summary judgment to BDA and ordered Appellants to pay the balance owed on their respective contracts.[2]

## MOTION FOR SUMMARY JUDGMENT

### Standard of Review

The standard of review for a summary judgment requires that the party with the burden of proof show it is entitled to judgment by establishing each element of its claim or defense as a matter of law, or by negating an element of a claim or defense of the opposing party as a matter of law. *Martin v. Harris County Appraisal Dist.*, 44 S.W.3d 190, 193 (Tex.App.Houston [14th Dist.] 2001, pet. denied); TEX. R. CIV. P. 166a(c). When a motion for summary judgment raises multiple grounds, we may affirm if any ground is meritorious. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996); *Hanson v. Republic Ins. Co.,* 5 S.W.3d 324, 327 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the non-movant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). The only question is whether or not an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c).

■■■ Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). Where summary judgment does not specify the grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the motion is insufficient to support it. *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied).

### BDA's Right to Judgment as a Matter of Law

■■■ In its motion for summary judgment, BDA argued that it was entitled to judgment as a matter of law because it had conclusively established all of the necessary elements of its breach of contract claim against Appellants. The elements of breach of contract are (1) the existence of a valid contract, (2) the performance or tendered performance by the claimant, (3) a breach of the contract by the defendant, and (4) damages resulting from that breach. *Southwell v. University of Incarnate Word,* 974 S.W.2d 351, 354–55 (Tex. App.-San Antonio 1998, pet. denied).

■■■ To support its claim for breach of contract in each case, BDA attached the contract, various affidavits, and a copy of its First Requests for Admissions to Ap-

---

1. BDA named Appellants as defendants in the following actions: Jackson O. Goss and Susan Goss (Cause No. 00–00168); Johnny Green (Cause No. 00–00180); Edward N. Walsh and Laura Walsh (Cause No. 00–00204); and Daniel D. Hammond and Lisa Hammond (Cause No. 00–00205).

2. Only the Gosses and Green appeared and argued at their summary judgment hearings; the Walshes and Hammonds did not attend their summary judgment hearings.

pellants, which went unanswered and were deemed admitted. TEX. R. CIV. P. 198.2(c). This evidence established that valid contracts were executed by Appellants and that BDA tendered performance under the contracts after Appellants stopped making payments by offering to convey the lots to Appellants by special warranty deed in exchange for the execution of a real estate lien note and a deed of trust. However, these documents were not executed by Appellants. The evidence also established that Appellants failed to make the required payments and that BDA suffered damages in the total amount of the unpaid balances of the contracts. BDA met its burden of producing sufficient evidence on every element of its breach of contract claim against each Appellant; therefore, BDA established that it was entitled to judgment as a matter of law.

■ Appellants impliedly request that we disregard their deemed admissions and argue that due to their ignorance of the law, their failure to file responses to the requests for admissions should be excused. Ignorance of the law is no excuse. *Cherokee Water Co. v. Forderhause*, 727 S.W.2d 605, 615 (Tex.App.-Texarkana 1987), *rev'd on other grounds*, 741 S.W.2d 377 (Tex. 1987). The effect of Appellants' failure to file responses is that the matters admitted were conclusively established unless, on motion, the court permitted the withdrawal or amendment of the admissions. TEX.R. CIV. P. 198.3. Appellants took no action to withdraw their deemed admissions; therefore, Appellants waived any error in the trial court's consideration of the deemed admissions. TEX. R. APP. P. 33.1(a). Furthermore, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.

App.-Amarillo 1998, pet. denied); *Greenstreet v. Heiskell*, 940 S.W.2d 831 (Tex. App.-Amarillo 1997, no pet.). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Id.* at 835. Therefore, Appellants' excuse for not answering BDA's requests for admissions is meritless, and the deemed admissions are part of the summary judgment record.

■ Once the movant establishes its entitlement to a summary judgment, the burden of proof shifts to the non-movant to present evidence raising a question of fact in support of its claim or defense. *State v. Durham*, 860 S.W.2d 63, 68 (Tex.1993). Mere conclusory statements do not constitute effective summary judgment proof. *Id.* Once BDA established that it was entitled to judgment, the burden shifted to Appellants to raise a question of fact. To support their contention that a fact issue remains, Appellants argue that BDA should not have been granted summary judgment because it lacked standing to assert its cause of action and because the signatures on the contract were procured by fraud.

*Standing*

Appellants assert that BDA does not have standing to bring any cause of action in Texas courts of law because it "does not exist in the state of Ohio" and has never obtained the necessary certificate of authority from the Texas Secretary of State as a prerequisite for proceeding with its cause of action in Texas state courts. In support of this argument, Appellants attached to their responses to BDA's motion for summary judgment a copy of a certification from the Ohio Secretary of State that its records were devoid of any such "Ohio corporation, Foreign Corporation, Ohio Limited Liability Company, Foreign

Limited Liability Company, Ohio Limited Partnership, Foreign Limited Partnership, Ohio Limited Liability Partnership, Foreign Limited Liability Partnership, Trade Name Registration, or Report of Use of Fictitious Name, either active or inactive, known as BOBBY D. ASSOCIATES." Appellants also attached a certification from the Texas Secretary of State reporting that none of its records revealed any mention of a foreign corporation, limited partnership, or limited liability company on file with the name of "BOBBY D. ASSOCIATES."

In response, BDA argues that it is a general partnership and not a corporation. BDA asserts that as a general partnership, it is not required to register with either the Texas or Ohio Secretary of State because no law in either state mandates that a general partnership register with the secretary of state.

In support of their argument that BDA lacks standing, Appellants cite article 8.18(A) of the Texas Business Corporation Act. Article 8.18(A) states that no foreign corporation that has conducted or is conducting business in Texas without a certificate of authority shall be permitted to maintain any action in any court of this state on any cause of action arising out of the transaction of business in this state until the corporation has obtained a certificate of authority. TEX. BUS. CORP. ACT ANN. art. 8.18(A) (Vernon 1980).

■ For Appellants' argument to have merit (and for article 8.18(A) to apply), BDA must be a "foreign corporation." A "foreign corporation" is defined as "a corporation for profit organized under the laws other than the laws of this state." TEX. BUS. CORP. ACT ANN. art. 1.02(A)(14) (Vernon 1980). The record reflects that BDA's partnership agreement describes BDA as an Ohio "general partnership"and is not "a corporation for profit

organized under the laws" of Ohio. Since BDA is not a "foreign corporation," article 8.18(A) does not apply.

■ Even if BDA were a "foreign corporation," it would have standing to assert its cause of action. A foreign corporation is required to obtain a certificate of authority only if it is "transacting business" in Texas. TEX. BUS. CORP. ACT ANN. art. 8.01(A) (Vernon 1980). Under article 8.01(B)(8) of the Texas Business Corporation Act,

> [a] foreign corporation shall not be considered to be transacting business in this state, for the purposes of [the Business Corporation Act], by reason of carrying on in this state any one or more of the following activities:
>
> . . .
>
> (8) Securing or collecting debts due to it or enforcing any rights in property securing the same.

TEX. BUS. CORP. ACT ANN. art. 8.01(B)(8) (Vernon Supp.2002). In filing its actions against Appellants, BDA is attempting to collect debts owed by Appellants. Accordingly, even if BDA were a "foreign corporation," it would have standing to bring these suits without first obtaining a certificate of authority. *See In re Hibernia Nat'l Bank*, 21 S.W.3d 908, 910 (Tex.App.-Corpus Christi 2000, no pet.).

Furthermore, the Texas Revised Partnership Act governs partnerships in the State of Texas, and does not require an out-of-state partnership to register with the Texas Secretary of State before filing an action in a Texas court. The law governing partnerships in Ohio also does not require a partnership to register with the Ohio Secretary of State at any time. *See* OHIO REV. CODE ANN. § 1775 (Anderson 2002). Appellants' sole issue, as it relates to standing, is overruled.

*Fraud*

 Appellants next argue that the signatures on the contract for deed are not genuine and were procured by fraud. To defeat BDA's motion for summary judgment, Appellants had the burden to come forth with some evidence on each element of their affirmative defense of fraud. *Albritton v. Henry S. Miller Co.*, 608 S.W.2d 693, 695 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.). The elements of common-law fraud are that (1) a material representation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made the statement recklessly without any knowledge of truth and as a positive assertion, (4) the representation was made with the intention that it be acted upon by the other party, (5) that party acted in reliance upon the representation, and (6) that party suffered injury. *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex.1998).

Appellants are correct in their assertion that an allegation of fraud will raise a fact issue necessary to defeat a summary judgment. They are incorrect, however, that an allegation of fraud, without more, will defeat a summary judgment. As proof of fraud, Appellants offer a document purported to be an "affidavit" of Douglas F. Martinek, the former vice-president of Wild Willie. BDA filed written objections to both the form and substance of the "affidavit," arguing *inter alia* that the document (1) is not made on Mr. Martinek's personal knowledge as required by rule 166a(f) of the Texas Rules of Civil Procedure, (2) does not affirmatively show that

Mr. Martinek was competent to testify to the matters stated therein, (3) contains inadmissible hearsay, and (4) contains conclusory statements that lack a proper predicate. The trial court sustained BDA's objections to the "affidavit" and other summary judgment evidence in one of the cases, but did not rule on BDA's objections orally or in writing in the other three cases.[3] BDA maintains that its objections to Mr. Martinek's "affidavit" in the other three cases were "implicitly sustained" by the trial court in its grant of summary judgment. We need not decide whether BDA's objections to Martinek's "affidavit" were implicitly sustained because the document was not competent summary judgment evidence; therefore, BDA did not have to object to the "affidavit" to keep it from being considered by the trial court. *See Beasley v. Burns*, 7 S.W.3d 768, 770 (Tex.App.-Texarkana 1999, pet. denied).

 The only piece of evidence Appellants rely on to substantiate their fraud claims is a portion of Martinek's "affidavit" where he states, "I suspect that some of the signatures on the Contract of Deeds are not genuine." However, Appellants admitted that their true and correct signatures were on the contracts for deed through their deemed admissions. The trial court cannot consider affidavits offered by the non-movant to contradict deemed admissions in cases involving summary judgments. *Id.* Therefore, the deemed admissions were the controlling evidence before the trial court, and the court could not properly have considered

---

**3.** The trial court sustained the objections to the affidavit at the hearing on the motion for summary judgment in Mr. Green's case and did not rule on the objections at the hearing on the motion in the Gosses' case. The court also did not rule on BDA's objections in the Walshes' or the Hammonds' case. In his brief, Mr. Green did not challenge the court's ruling striking his summary judgment evidence; therefore, we are precluded from considering the evidence on appeal. *See Rayl v. Borger Economic Dev. Corp.*, 963 S.W.2d 109, 113 (Tex.App.-Amarillo 1998, no pet.)

**72**

Martinek's "affidavit" that attempted to controvert Appellants' deemed admissions. *Id.*

Appellants have not presented any evidence on any of the elements of fraud. Therefore, Appellants have not met their burden of establishing that a genuine issue of material fact exists on their affirmative defense of fraud. Appellants' sole issue, as it relates to fraud, is overruled.

### *CONCLUSION*

Appellants failed to raise a genuine issue of material fact; therefore, the trial court did not err in granting summary judgment in favor of BDA.

The trial court's judgment is *affirmed.*