Hendler v. North Shore Boat Works















NUMBER 13-03-00273-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

KARL HENDLER,                                                                         Appellant,

v.

NORTH SHORE BOAT WORKS, INC.
AND BILLY FULLER,                                                                   Appellees.
                                                                                                                       

On appeal from the County Court at Law 
of San Patricio County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          This case involves the alleged negligent repair of a sailboat owned by appellant, Karl
Hendler. Hendler, proceeding pro se, sued appellees, North Shore Boat Works, Inc. and
Billy Fuller, after the sailboat became disabled in a severe thunderstorm, resulting in
$30,000 in damages. The trial court granted appellees’ motion for summary judgment
based on deemed admissions. By three points of error, Hendler challenges the form of the
requests for admission and the summary judgment proof. We affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. Tex. R. App. P. 47.4.
A. Form of Requests for Admission
          By his first two points of error, Hendler challenges the form of appellees’ requests
for admission. On November 7, 2002, appellees served the following requests for
admission on Hendler :
          Request for Admission No. 1:
The Plaintiff did not suffer property damages with respect to his 1978
Bayliner as a consequence of the incident occurring on or about March 14,
2000;
 
Request for Admission No. 2:
 
The Plaintiff did not suffer damages in the form of his loss of use of his 1978
Bayliner as a consequence of the incident occurring on or about March 14,
2000; and
 
Request for Admission No. 3:
 
The repairs to the Plaintiff’s 1978 Bayliner which were completed on or about
March 14, 2000 by the Defendants were completed in accordance with and
in excess of industry standards and could not in any way be considered as
being performed in a negligent fashion.
 
Hendler argues that because the requests for admission were not accompanied by
instructions, they failed to apprise him of the need to admit or deny the accompanying
statements. He contends that without an instruction to admit or deny, the purported
requests for admissions are nothing more than statements. Hendler further contends that
the requests at issue are “sweeping broad requests” that are intended to cause him to
admit he has no claim. Finally, Hendler asserts that appellees’ request for admission
number three contains two matters which are not stated separately and calls for a legal
conclusion.
          Rule 198 governs requests for admission. Tex. R. Civ. P. 198. Rule 198.1 provides,
in relevant part: “[a] party may serve on another party . . . written requests that the other
party admit the truth of any matter within the scope of discovery . . . .” Tex. R. Civ. P.
198.1. The rule does not specify the precise form the admissions shall take, other than
that each matter for which an admission is requested must be stated separately. Id. If the
responding party does not admit or deny the request for admission, rule 198.2 requires the
responding party to state an objection, assert a privilege, or otherwise explain in detail the
reason or reasons the responding party cannot admit or deny the request. Tex. R. Civ. P.
198.2.
          Hendler received the written discovery requests on November 13, 2002. Hendler
failed to either respond or object to the requests. Thus, pursuant to rule 198.2(c), the
requests were deemed admitted. Tex. R. Civ. P. 198.2(c); In re Estate of Herring, 970
S.W.2d 583, 588 (Tex. App.–Corpus Christi 1998, pet. denied).
          A trial court has broad discretion to permit or deny the withdrawal of deemed
admissions. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). Had Hendler moved to
withdraw the deemed admissions, the trial court could have withdrawn the admissions
upon a showing of good cause. See Employer’s Ins. of Wausau v. Halton, 792 S.W.2d
462, 464 (Tex. App.–Dallas 1990, writ denied). However, the record reflects that Hendler
made no motion to withdraw or amend his admissions.
          Hendler failed to timely object to the form of the requests. He may not do so for the
first time on appeal. Tex. R. App. P. 33.1(a)(1). Further, to preserve a complaint for
appellate review, a party must present to the trial court a timely request, motion, or
objection, state the specific grounds therefore, and obtain a ruling. Wal-Mart Stores, Inc.
v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). Because Hendler failed to object to the
form of the requests to the trial court, we conclude he has waived his objection. See Goss
v. Bobby D. Assocs., 94 S.W.3d 65, 69 (Tex. App.–Tyler 2002, no pet.).
          Alternatively, Hendler suggests that pro se litigants should be entitled to special
consideration. Texas courts hold pro se litigants to the same standards as licensed
attorneys and require that such litigants comply with the rules of civil procedure. LaGoye
v. Victoria Wood Condo. Ass’n, 112 S.W.3d 777, 787 (Tex. App.–Houston [14th Dist.]
2003, no pet.); Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex. App.–Amarillo 1997,
no writ). If pro se litigants were not required to comply with the rules of civil procedure,
they would be given an unfair advantage over those litigants represented by counsel. 
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Accordingly, while
appellees’ requests for admission could have been clearer, the fact that Hendler,
appearing pro se, failed to understand the need to answer the requests, the consequences
of his failure to answer them, and the potential remedy available to him once they were
deemed admitted, does not excuse him from complying with the rules of civil procedure. 
Goss, 94 S.W.3d at 69. Accordingly, we hold the trial court did not err in considering the
deemed admissions as summary judgment evidence. Hendler’s first and second points
of error are overruled.
B. Effect of Deemed Admissions
          By his third point of error, Hendler argues that appellees failed to meet their burden
of establishing that no genuine issue of material fact exists and that they are entitled to
judgment as a matter of law.
          We review the granting of a motion for summary judgment de novo. Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank–Rio Grande Valley,
N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet. denied). We
review the granting of a summary judgment to determine whether the summary judgment
proof establishes as a matter of law that there is no genuine issue of material fact as to one
or more of the essential elements of the plaintiff’s cause of action or whether the defendant
has established all elements of an affirmative defense. Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996); Crain v. Smith, 22 S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no
pet.). In deciding whether there is a genuine issue of material fact, all evidence favorable
to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts
resolved, in the nonmovant’s favor. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). The nonmovant has no burden to respond to a traditional motion for 
summary judgment unless the movant conclusively establishes its cause of action or
defense. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).
          On January 2, 2003, appellees filed their motion for summary judgment. Appellees
asserted that Hendler had failed to respond to their requests for admissions; thus, the
requests were deemed admitted. Accordingly, Hendler admitted that he suffered no
damages as a result of the repairs to his sailboat.
          Hendler filed no motion to withdraw or amend the deemed admissions. On
February 4, 2003, the trial court granted appellees’ motion for summary judgment based
on the deemed admissions and dismissed Hendler’s lawsuit.
          Deemed admissions are competent summary judgment proof. Flores v. H.E. Butt
Stores, Inc., 791 S.W.2d 160, 162 (Tex. App.–Corpus Christi 1990, writ denied). 
Moreover, deemed admissions may not be contradicted by other summary judgment
evidence. In re Estate of Herring, 970 S.W.2d at 587.
          Because Hendler failed to either object to the requests for admission or move to
withdraw or amend the admissions, the deemed admissions conclusively established that
Hendler had suffered no damages as a result of appellees’ conduct. Not only should the
trial court have considered the deemed admissions in ruling on the motion for summary
judgment, the trial court had no discretion to ignore the deemed admissions. See
Pathfinder Pers. Serv., Inc. v. Worsham, 619 S.W.2d 475, 476 (Tex. Civ. App.–Houston
[14th Dist.] 1981, no writ). Therefore, because the deemed admissions establish as a
matter of law that no genuine issue of material fact exists as to one or more of the essential
elements of the plaintiff’s cause of action, we conclude the granting of summary judgment
was proper. Hendler’s third point of error is overruled.
          We affirm the trial court’s order granting appellees’ motion for summary judgment.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed this the
22nd day of July, 2004.