

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GLORIA ZAVALA, f/n/a GLORIA Z. FRANCO, | § | No. 08-20-00163-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| APOLINAR C. FRANCO, | § | of Crane County, Texas |
| Appellee. | § | (TC#6785) |
| | § | |

## <u>O P I N I O N</u>

Apolinar C. Franco (Appellee here) filed suit against his former spouse, Gloria Zavala (Appellant here), claiming that she violated the terms of their divorce decree by failing to pay him for his one-half equity interest in their marital homestead upon its sale. He filed a summary judgment motion seeking relief on that claim to which Zavala did not file a response. She now appeals the trial court's order granting summary judgment in Franco's favor. In two issues, Zavala contends that the trial court erred in granting the summary judgment because (1) the statute of limitations barred Franco's recovery, and (2) Franco did not conclusively establish his right to relief on all elements of his claim. Because Zavala failed to properly raise limitations as an affirmative defense to Franco's lawsuit, we conclude that she waived her right to raise that issue

on appeal. In addition, we conclude that Franco came forward with sufficient uncontroverted summary judgment evidence to support his claim for relief. Accordingly, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Franco's Lawsuit

Franco filed suit on May 2, 2019, alleging that he and Zavala were divorced in 1987, and that the parties' divorce decree awarded Zavala the possession and use of the parties' residential homestead located in Crane, Texas, but awarded him a one-half equity interest in the homestead, up to a maximum of $25,000, as his separate property. The divorce decree, further provided that Franco's equity interest was to be "evidenced by a promissory note providing no interest," and that it would be "payable within thirty (30) days of [Zavala's] sale of said house and receipt of the net proceeds of said house." Franco alleged that Zavala sold the homestead to a third party on or about September 29, 2016, but she "fraudulently concealed the sale" from him, and failed to pay him his share of the net proceeds from the sale. He further alleged that he discovered the sale in May of 2018, approximately one year before filing his lawsuit, and that despite making demands on Zavala, she refused to pay him his share, in violation of the terms of their divorce decree. He sought payment of $25,000 as his equity interest in the proceeds of the sale, together with an award of attorney's fees.

Zavala filed a handwritten document on July 1, 2019, stating that she needed "more time" to hire an attorney to represent her. Shortly thereafter, on July 22, 2019, Zavala filed another handwritten note stating that she was "prepared for hearing" in the case.

2

## B. Franco's Motion for Summary Judgment

Some eight months after Zavala's appearance, Franco filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law on his lawsuit. In support of his motion, he attached a copy of the divorce decree, setting forth his equity interest in the parties' homestead. In addition, he attached a declaration, with a jurat attached, stating that the divorce decree was genuine and authentic; that he was awarded a one-half equity interest in the homestead pursuant to the divorce decree; that Franco sold the homestead for over $50,000; and that she concealed the sale from him and thereafter refused to pay him once he learned of the sale in May of 2018. He further attached a declaration from his attorney stating that he sent Zavala a set of Requests for Admissions on December 12, 2019, but that she never responded to the requests. In the Request for Admissions, Franco asked Zavala to admit that he was awarded a one-half equity interest in the homestead in an amount up to $25,000, which was due and payable within 30 days of its sale; that Zavala sold the homestead for over $50,000 to a third party in September of 2016; that she failed to inform Franco of the sale or that she otherwise concealed the sale from him; and that she has failed to pay him his share of the sales proceeds. Franco argued in his motion that because Zavala failed to respond to the Request for Admissions, they should be deemed admitted in accordance with Rule 198.2 of the Texas Rules of Civil Procedure.[1]

In his declaration, Franco's attorney also stated that he had spent 13.6 hours representing Franco in this matter, and that given his billing rate of $300 an hour, his total bill at that time was $4,080. However, he averred that he anticipated spending an additional four hours to attend a hearing on Franco's summary judgment motion and to prepare an order granting the motion if necessary, adding another $1,200 to his bill.

---

[1] Rule 198.2 provides that if a party fails to timely respond to a request for admission, "the request is considered admitted without the necessity of a court order." TEX.R.CIV.P. 198.2(c).

Zavala did not file a written response to the motion for summary judgment.

## C.   The Summary Judgment Hearing

The trial court heard Franco's motion on June 18, 2020, which Zavala attended without counsel.[2]   At the hearing, Franco's attorney argued that Franco was entitled to summary judgment on his claim based on the declarations and supporting evidence attached to his motion, as well as Zavala's failure to respond to the Request for Admissions.   The trial court took judicial notice of the court's file and Franco's pleadings, and given Zavala's failure to respond to the Request for Admissions, stated that it would treat them as deemed admissions.

The trial court then advised Zavala that it would "hear from [her]."   Although Zavala was not sworn in as a witness, Franco's attorney objected to allowing her to give "oral testimony," noting that such testimony was not permissible at a summary judgment hearing.   The trial court responded that it would give Zavala "some leeway" and would allow her to speak, but cautioned Zavala that she would be held to the same standard as an attorney in representing herself.   Zavala then argued, among other things, that she did not believe she was obligated to pay anything to Franco from the proceeds of the homestead's sale, but even if she were obligated, Franco's equity interest in the proceeds would be less than $25,000, as she claimed the homestead sold for $35,000, and that the net proceeds were $33,819.70, making his share in the proceeds at most $16,909.85.[3]

At the close of the hearing, the trial court granted Franco's motion for summary judgment and awarded him the requested amount of $25,000, together with prejudgment interest in the

---

[2] During the hearing, Zavala expressly stated that she did not want a lawyer to represent her, as she did not believe one was necessary.

[3] Although not relevant to our analysis, Zavala argued at the hearing that Franco had "breached" other aspects of the divorce decree, primarily by not providing the required amount of support for their children as set forth in the decree, and she questioned whether her obligation to pay him was still in effect.

amount of $5,342.34, for a total monetary award of $30,342.34, together with an award of $5,280 in attorney's fees.[4]  This appeal followed.

## II.  ISSUES ON APPEAL

In two issues, Zavala, who is now represented by counsel, argues that the trial court erred in granting summary judgment in Franco's favor.   First, Zavala contends that Franco's claims for a monetary award and an award of attorney's fees were both barred by the statute of limitations. Second, Zavala contends that Franco failed to meet his burden of conclusively establishing all elements of his claim, arguing that (1) he did not conclusively establish that she was obligated to pay him any portion of the proceeds from the homestead's sale, as he did not come forward with a promissory note evidencing the obligation, and (2) he did not conclusively establish that the sales price of the house was over $50,000, and that there is at least a question of fact on what amount, if any, he was entitled to receive from the proceeds of the sale to satisfy his one-half interest.

## III.  STANDARDS FOR PRO SE LITIGANTS

Before addressing the merits of Zavala's arguments, we note as a preliminary matter that although we liberally construe a pro se litigant's pleadings, a pro se litigant is held to the same standards as a licensed attorney when representing herself, and she must therefore comply with all applicable laws and rules of procedure in doing so.   *See Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex.App.--El Paso 2014, pet. dism'd w.o.j.), *citing Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.); *see also Kalil v. Gen. Motors Corp.*, No. 08-00-00263-CV, 2002 WL 265818, at *2 (Tex.App.--El Paso Feb. 26, 2002, no pet.) (not designated

---

[4] In its written order, the trial court calculated the prejudgment interest at six percent per year in accordance with Section 302.002 of the Texas Finance Code, beginning on November 28, 2016 (30 days after Zavala became obligated to pay Franco his share of the proceeds from the homestead's sale) until June 17, 2020 (the day before the hearing). *See* TEX.FIN.CODE ANN. § 302.002 ("If a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount is due.").

for publication) ("While it is true that pro se pleadings and briefs are to be liberally construed, this does not mean that a pro se litigant is not required to comply with the law and rules of procedure."); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (recognizing that pro se litigants are not exempt from the rules of procedure). If pro se litigants were not required to comply with applicable laws and rules of procedure, they would be given an unfair advantage over parties represented by counsel. *See Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589-90 (Tex.App.--El Paso 2013, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978). And, as the Texas Supreme Court has recognized, "[h]aving two sets of rules--a strict set for attorneys and a lenient set for pro se parties--might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444.

It is with these principles in mind that we conduct our review of Zavala's claim that the trial court erred in granting Franco's motion for summary judgment.

## IV. STANDARD OF REVIEW FOR SUMMARY JUDGMENTS

When, as here, a plaintiff moves for traditional summary judgment, he "bears the burden to conclusively establish that [he] is entitled to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258-59 n.12 (Tex. 2020), *citing* TEX. R. CIV. P. 166a(c); *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999) ("The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense."). In order to be entitled to a summary judgment, the moving party must conclusively establish that there are no genuine issues of material fact to be decided. TEX.R.CIV.P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). A matter is conclusively established when "reasonable people could not differ in their conclusions . . . ." *City of Keller v.*

6

*Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see also Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982) (a matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence).

A plaintiff moving for traditional summary judgment must conclusively establish that he is entitled to summary judgment as a matter of law on each element of his cause of action. *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508 (Tex.App.--El Paso 2008, no pet.), *citing MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). If a plaintiff fails to establish all of the elements necessary to his cause of action, summary judgment is improper. *Id.* However, if the plaintiff does establish that he is entitled to judgment as a matter of law, the burden then shifts to the defendant to present countervailing evidence that raises a genuine issue of material fact on the plaintiff's claims. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see also Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). And we review that evidence in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant, and resolving any doubts against the motion. *See Lightning Oil Co.*, 520 S.W.3d at 45, *citing City of Keller*, 168 S.W.3d at 824.

## V. THE STATUTE OF LIMITATIONS

In Issue One, Zavala contends that the trial court improperly granted summary judgment on Franco's claim because the statute of limitations barred him from receiving either a monetary award or an award of attorney's fees. In particular, she contends that Franco's claim was subject to the two-year statute of limitations in Section 9.003 of the Texas Family Code for bringing a claim to enforce a future property interest awarded in a divorce decree. In turn, she contends that

7

because Franco himself averred that the homestead was sold on September 29, 2016, Franco had two years thereafter, or until September 29, 2018, to file his lawsuit, and that by not filing his lawsuit until May 2, 2019, his claim was time-barred.

As Franco points out, however, the statute of limitations is an affirmative defense, and a defendant therefore "bears the initial burden to plead, prove, and secure findings to sustain its plea of limitations." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *see also Epps v. Fowler*, 351 S.W.3d 862, 869 n.8 (Tex. 2011) ("Limitations is an affirmative defense that must be pleaded and proven."); *Burrus v. Reyes*, 516 S.W.3d 170, 192 (Tex.App.--El Paso 2017, pet. denied) (because limitations is an affirmative defense, defendant has the burden to plead, prove, and secure findings to sustain her plea of limitations); TEX.R.CIV.P. 94 (designating statute of limitations as a defense that must be affirmatively pleaded). If a defendant does not properly raise limitations as an issue and secure a finding on the issue in the trial court, it is waived, and cannot be raised for the first time on appeal. *See McDaniel v. Tucker*, 520 S.W.2d 543, 547 (Tex.App.--Corpus Christi 1975, no writ) (statute of limitations is an affirmative defense that must be pleaded specially in the trial court, or it is waived); *Burrus*, 516 S.W.3d at 192-93 (defendant waived her right to appellate review of limitations issue, where she failed to secure a ruling on the issue in the trial court); *see generally Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) (recognizing that an affirmative defense must be expressly pleaded or a party cannot rely on the defense as a bar to liability).

In the present case, Zavala did not expressly plead limitations as an affirmative defense in response to Franco's petition or in response to his motion for summary judgment. At the summary judgment hearing, however, Zavala orally expressed a general concern that Franco's lawsuit might be barred by the statute of limitations, as the parties' divorce decree had been entered

over 30 years before.[5]   However, she did not request a continuance of the proceedings to address the limitations issue or seek permission to file a pleading raising the issue.   Nor did she ask the trial court to make a ruling on the question of whether Franco's lawsuit was barred by the statute of limitations.   We therefore conclude that she did not adequately preserve this issue for our review.

Moreover, as Zavala now appears to recognize, the statute of limitations would have started running--at the earliest--when she sold the homestead and became obligated to pay Franco the proceeds, not when the divorce decree was entered.   TEX.FAM.CODE ANN. § 9.003(b) ("A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.").   In addition, as Franco points out, he alleged in his pleadings that Zavala had fraudulently concealed the sale of the homestead from him.   His declaration attached to the summary judgment motion states that he asked Zavala about the sale of the house from time to time, but she "lied about and concealed the sale of the residence from me, telling me that it was not sold."   He declared that he did not discover the sale until approximately May of 2018.   This unrebutted allegation would toll the running of the statute of limitations.   *See generally Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011) (a defendant's fraudulent concealment of wrongdoing generally tolls the running of the statute of limitations until such time as the plaintiff discovers, or could have with reasonable diligence discovered, the defendant's wrongdoing).   Therefore, even if Zavala had properly pleaded the statute of limitations as an affirmative defense in the trial court, she still would have to overcome

---

[5] In particular, Zavala stated that: "Well, first and foremost, I -- [y]ou know, after 33 years, you know, it would -- I would assume that -- it would seem to me there's a statute of limitations for something as such."

9

Franco's pleaded and evidenced fraudulent concealment claim. Accordingly, we conclude that Zavala waived her right to raise this issue on appeal.

Zavala's Issue One is overruled.

## VI. THE SUMMARY JUDGMENT EVIDENCE

In Issue Two, Zavala contends that the trial court erred in granting summary judgment in Franco's favor, as he did not conclusively establish at least two elements of his claim, and that genuine issues of material fact remained to be decided on those two elements. For the reasons set forth below, we disagree.

Zavala first contends that Franco did not conclusively establish that she had an obligation to pay him a one-half equity interest in the proceeds from the sale of the homestead, as the divorce decree provided that Franco's equity interest was to be evidenced by a promissory note, which he failed to produce in support of his summary judgment motion. Zavala contends that Franco's right to receive his share of the proceeds was dependent on the existence of the promissory note, and that without evidence of the note, a genuine issue of material fact existed on the question of whether she had any obligation to pay him any portion of the proceeds. There are several problems with this argument.

As Zavala herself recognizes, Franco brought his lawsuit to enforce the provisions of the divorce decree in accordance with Chapter 9 of the Texas Family Code. And in turn, the Code expressly provides that a trial court has the power to enforce the provisions of a previously-entered divorce decree.[6] *See* TEX.FAM.CODE ANN. § 9.002 (the court that rendered a decree of divorce retains the power to enforce a property division set forth therein); *see also Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (recognizing the trial court's power to enter orders to enforce a

---

[6] Franco's current suit was brought in the same district court that granted his divorce.

10

divorce decree's property division); *Dechon v. Dechon*, 909 S.W.2d 950, 955 (Tex.App.--El Paso 1995, no writ) (a trial court has inherent power to clarify or enforce its previously entered divorce decree). In the present case, the divorce decree clearly stated that Franco had been awarded a one-half equity interest in the homestead, up to a maximum of $25,000, as his separate property, as part of the parties' property division, and that his interest was "payable within thirty (30) days of [Zavala's] sale of said house and receipt of the net proceeds of said house." And, while the divorce decree stated that Franco's interest was to be evidenced by a promissory note--which would have been for Franco's protection--Franco's right to receive payment of his equity interest was not dependent on the execution of the note, but was instead a right that was created in the decree itself. *See generally Kimsey v. Kimsey*, 965 S.W.2d 690, 698 (Tex.App.--El Paso 1998, pet. denied) (recognizing that trial court erred by failing to require husband to execute a promissory note evidencing a debt set forth in the parties' divorce decree, but that wife had other, less expeditious means, of enforcing the debt in the absence of the note). Therefore, the fact that Franco did not produce a copy of the promissory note into evidence (if one even existed) did not bar Franco from enforcing his rights under the decree.

And finally, Zavala argues that even if she had an obligation to pay Franco for his one-half equity interest in the proceeds from the homestead's sale, he failed to conclusively establish the amount of his interest. Franco, however, submitted two items of evidence in support of his claim that he was entitled to $25,000 as his one-half equity interest in the proceeds. First, Franco attached his own declaration attesting that the homestead sold for over $50,000. Zavala did not object to his declaration either in form or in substance in the trial court.[7] Nor does she argue on

---

[7] Parties may raise objections to the form of an affidavit, including the following: "(1) lack of personal knowledge; (2) hearsay; (3) statement of an interested witness that is not clear, positive, direct, or free from contradiction; and (4) competence." *Houle v. Casillas*, 594 S.W.3d 524, 560 (Tex.App.--El Paso 2019, no pet.). If such an objection is not made in the trial court, it is not preserved for appellate review. *See Woodhaven Partners, Ltd. v. Shamoun & Norman,*

appeal that the trial court should not have relied on Franco's declaration in determining the sales price of the homestead.

Second, Franco relied on Zavala's failure to respond to his Request for Admissions in which he asked her to admit that the homestead sold for over $50,000. And in turn, at the summary judgment hearing, the trial court expressly stated that it would be relying on Zavala's deemed admissions in determining whether or not to grant summary judgment. Although Zavala does not directly challenge the trial court's decision to use her deemed admissions in making its determination, she does intimate that the court's use of the deemed admissions may not have been proper given her pro se status. We recognize that it may be improper in some instances for a trial court to rely on a pro se defendant's deemed admissions in granting summary judgment. *See Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (where pro se litigant filed responses two days late, suffered a summary judgment, but urged the trial court to set aside admissions for good cause in a motion for new trial); *see also* TEX.R.CIV.P. 198.3 (trial court may permit the withdrawal or amendment of an admission for "good cause," if it would not unduly prejudice the party relying on the admission, and if the "presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission"). In the present case, however, despite being told that the trial court intended to rely on her deemed admissions in making its determination, Zavala made no attempt to withdraw her deemed admissions, did not seek permission to file a late response to Franco's Request for Admissions, and did not file a motion

---

*L.L.P.*, 422 S.W.3d 821, 842 (Tex.App.--Dallas 2014, no pet.) (where appellants failed to properly object to the form of opposing party's summary judgment affidavit in the trial court, they did not preserve the issue for appellate review); *see also Grand Prairie I.S.D. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (party's failure to object to defects in form of summary judgment affidavit resulted in waiver); *see also* TEX.R.CIV.P. 166a(f) ("[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."); *but see Epicous Adventure Travel, LLC v. Tateossian, Inc.*, 573 S.W.3d 375, 390 (Tex.App.--El Paso 2019, no pet.) (contrasting a defect in substance may be raised for the first time on appeal).

for new trial alleging that she had good cause for failing to respond. Accordingly, Zavala has waived her right to challenge the trial court's use of her deemed admissions for the first time on appeal. *See Goss v. Bobby D. Associates*, 94 S.W.3d 65, 69 (Tex.App.--Tyler 2002, no pet.) (where pro se litigants took no action to withdraw their deemed admissions, they waived any error in the trial court's consideration of the admissions); *see also Mireles v. Morman*, No. 03-09-00451-CV, 2010 WL 3059241, at *4 (Tex.App.--Austin Aug. 6, 2010, no pet.) (mem. op.) (trial court did not abuse its discretion in granting summary judgment based on deemed admissions or in denying pro se litigant's motion for new trial, where litigant neither asserted that she had good cause for failing to timely respond to the requests for admissions, nor presented any evidence to show good cause).

The true gist of Zavala's argument appears to focus less on the sufficiency of Franco's summary judgment evidence, and more on her allegation that she was "prevented" from presenting her own evidence to rebut Franco's claim that the house sold for over $50,000--which she again blames on her "pro se" status. Zavala, however, was not prevented from presenting any such countervailing evidence. The Rules of Civil Procedure expressly provide that, except on leave of court, a party opposing a motion for summary judgment may file and serve opposing affidavits or other written responses not later than seven days prior to the day of the summary judgment hearing. *See* TEX.R.CIV.P. 166a(c). Zavala therefore had ample opportunity to file a response in the two months that elapsed between the time she was served with a copy of Franco's motion for summary judgment and the time that the trial court set the motion for hearing. Zavala, however, failed to file any written response or opposing affidavits prior to the summary judgment hearing, and did not seek leave of court to file a late response to Franco's motion or otherwise request a continuance of the proceedings to do so. As set forth above, even though Zavala was a pro se litigant, she was

13

still required to comply with the applicable procedural rules in opposing Franco's summary judgment motion, and she cannot claim on appeal that she was denied the opportunity to file a response in the absence of any attempt to do so in the trial court. *See Mayo v. Suemaur Expl. & Prod. LLC*, No. 14-07-00491-CV, 2008 WL 4355259, at *4 (Tex.App.--Houston [14th Dist.] Aug. 26, 2008, pet. denied) (mem. op.) (where pro se litigant failed to either request an opportunity to cure an alleged defect in his summary judgment evidence or to move for a continuance, he could not claim on appeal that he was denied the opportunity to correct the defects).

And finally, Zavala contends that she presented "oral testimony" at the hearing to support her claim that the homestead sold for only $35,000, and she argues that this created a genuine issue of material fact on the question of how much she may have owed Franco. We disagree. Even if Zavala had been sworn in as a witness at the hearing--which she was not--the Texas Rules of Civil Procedure expressly prohibit the introduction of oral testimony at a summary judgment hearing. *See* TEX.R.CIV.P. 166a(c) ("[n]o oral testimony shall be received at the hearing."). Accordingly, the trial court could not have considered Zavala's oral statements as being admissible evidence to rebut Franco's otherwise uncontroverted evidence that the homestead sold for over $50,000. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (recognizing that "oral testimony cannot be adduced in support of or opposition to a motion for summary judgment"); *see also Mireles*, 2010 WL 3059241, at *9 (because Rule 166a(c) prohibits the admission of oral testimony at a summary judgment hearing, "it would be error for the trial court to grant or deny summary judgment based upon oral testimony"); *Jones v. Villages of Town Ctr. Owners Ass'n, Inc.*, No. 14-12-00306-CV, 2013 WL 2456873, at *5 (Tex.App.--Houston [14th Dist.] June 6, 2013, pet. denied) (mem. op.) (same).

Accordingly, the trial court did not err in granting summary judgment in Franco's favor based on his uncontroverted and conclusive evidence that the homestead sold for over $50,000, and that he was thereby entitled to an award of $25,000 as his one-half equity interest in the parties' homestead in accordance with the terms of the divorce decree. We also conclude that the trial court properly included an award of attorney's fees in granting the summary judgment. As Zavala herself acknowledges, the trial court had the discretion to award reasonable attorney's fees to Franco pursuant to Section 9.014 of the Family Code, and Zavala does not argue that the amount awarded was unreasonable. *See* TEX.FAM.CODE ANN. § 9.014 (a court may award reasonable attorney's fees in a proceeding under this subchapter).

Zavala's Issue Two is overruled.

## VII. CONCLUSION

The trial court's judgment is affirmed.

JEFF ALLEY, Justice

April 19, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

15